**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| ANTOINE YOUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden WILLIAM DANFORTH, | : | NO. 7:12-CV-10 (HL) |
| Lieutenant McDOUGAL, Deputy Warden | : | |
| CALVIN ORR, Chief Counselor ARTIS | : | |
| SINGLETON, Unit Manager TONY | : | |
| MORRIS, Officer HARVEY, and | : | |
| Sergeant HASSENSTAB, | : | |
| | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **ANTOINE YOUNG**, a prisoner at Calhoun State Prison ("CSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and three motions for leave to proceed *in forma pauperis* pursuant to  28 U.S.C. § 1914(a) (Docs. 2, 5 & 7).

In reviewing Plaintiff's financial information, it appears that Plaintiff is unable to prepay the entire $350.00 filing fee.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below.  The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of CSP.

*I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v.*

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and that the complaint "must contain something more . . . than … a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations

and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed

as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings

are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act

or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute

of the United States; and (2) the act or omission was committed by a person acting under color of

state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot

2

satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  MOTIONS FOR DEFAULT

Since filing his complaint, Plaintiff has filed a "Motion for Entry of Default Judgment" (Doc. 6) and a "Motion for Clerk's Entry of Default" (Doc. 8).  A prisoner complaint is not served upon the defendants until after the screening process described above.  Because the Defendants therefore have not had an opportunity to answer Plaintiff's complaint, the undersigned therefore **RECOMMENDS** that Plaintiff's motions for default and default judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

## III.  BACKGROUND

Plaintiff's claims arise out of a disciplinary hearing and his subsequent loss of personal property.  He names the following CSP employees as Defendants:  Warden William Danforth, Unit Manager Tony Morris, Deputy Warden Calvin Orr, Officer Harvey, Sergeant Hassenstab,[1] Chief Counselor Artis Singleton, and Lieutenant McDougal.

---

[1] Plaintiff spelled this Defendant's name "Hassestab" in the certificate of service section of his complaint and the case name has been so docketed, but Plaintiff uses "Hassenstab" throughout the body of the complaint.

According to Plaintiff, on February 10, 2011, he was the subject of a disciplinary hearing on charges of destroying state property, with Lieutenant McDougal presiding.   After allegedly questioning Plaintiff about grievances Plaintiff filed against McDougal's staff members, McDougal found Plaintiff guilty, which Plaintiff characterizes as retaliation.

McDougal then radioed Officer Harvey and ordered him to pack Plaintiff's property. Plaintiff complains that Officer Harvey packed up all of Plaintiff's personal items, including Plaintiff's legal work and other items described as "priceless."   When Plaintiff confronted Harvey about Plaintiff's legal materials, Harvey called Sergeant Hassenstab.   Hassenstab allegedly threatened to attack Plaintiff, which Plaintiff characterizes as "terroristic threats," and told Plaintiff to return to his dorm.   Both Harvey and Hassenstab removed Plaintiff's property and thereafter allegedly refused to provide Plaintiff with an inventory sheet or a grievance form.

Several days later, Plaintiff asked Unit Manager Tony Morris, the "overseer over the entire annex/Lowndes Unit," about Plaintiff's property and also about obtaining a grievance form.   Morris allegedly insinuated that another inmate may have stolen Plaintiff's legal materials and that grievance forms must be ordered.   Morris later followed up on Plaintiff's missing property by questioning Hassenstab, who denied that he took any of Plaintiff's property.

Plaintiff sues Counselor Singleton for failing to interview witnesses and otherwise denying Plaintiff due process in connection with the grievance procedure.   He emphasizes that he sues Deputy Warden Orr because of Orr's position and that Orr had "no involvement" in the matter in issue.   Finally, Plaintiff sues Warden Danforth for making "no attempt to see that [Plaintiff's] legal paper and other property be returned," even though Plaintiff talked to Danforth several times.[2]

---

[2]   Although Plaintiff does not name Sergeant Paige as a defendant, Plaintiff states that he asserts a claim against Paige for "bias and participation in the process" and for "grab[b]ing my arm and using

4

Plaintiff's legal work was never recovered. It contained a letter that Plaintiff wished to submit as evidence in state court of Plaintiff's "counsel[']s fake testimony," evidence "dire ... to overturning [Plaintiff's] conviction."

As relief, Plaintiff seeks his freedom[3] and $500,000 in damages.

## IV.  DISCUSSION

### A.  *Dismissed Defendants and Claims*

Plaintiff's allegation that Counselor Singleton denied Plaintiff due process in connection with the prison grievance procedure fails to state a cognizable constitutional claim under section 1983.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."); *O'Connor v. Carnahan*, 2011 WL 1326446 *4 (N.D. Fla. Apr. 6, 2011) ("Prison officials . . . whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983."). It is therefore **RECOMMENDED** that Singleton be **DISMISSED** as a Defendant.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

Plaintiff similarly has no claim against Unit Manager Morris based on Morris failing to provide Plaintiff with grievance forms.  Nor can Morris or Deputy Warden Orr  be held liable solely

---

unnecessary force against me for endeavoring after my belongings."  The Court has considered all of Plaintiff's specific allegations involving Paige and concludes that, even if Plaintiff had named Paige as a defendant, he has not stated any colorable claim against Paige.

[3] Plaintiff's request for his freedom is not a remedy available to Plaintiff under section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

by virtue of their supervisory positions. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, No. 08-14411, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of either Morris or Orr. Instead Plaintiff states that he sues Orr only because of Orr's position and indicates that Morris questioned Hassenstab about Plaintiff's missing property. It is therefore **RECOMMENDED** that Morris and Orr be **DISMISSED** as Defendants.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

Regarding Plaintiff's "terroristic threats" claim against Hassenstab, "verbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Florida Dep't of Corrections*, 281 F. App'x 862, 866 (11th Cir. 2008) (citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Without any showing of physical injury, allegations of verbal mistreatment cannot form the basis of a claim under section 1983. Accordingly, it is **RECOMMENDED** that Plaintiff's "terroristic threats" claim be **DISMISSED**. As noted below, Plaintiff's denial of access to courts claim against Hassenstab is not dismissed at this juncture.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above

recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

With the possible exception of his legal material, Plaintiff has no claim under section 1983 for loss of his property.  "[W]hen a deprivation of property is random and unauthorized, '[a]ll that due process requires . . . is a postdeprivation "means of redress for property deprivations satisfy[ing] the requirements of procedural due process"'."  ***Pacesetter Apparel, Inc. v. Cobb County***, 374 F. App'x. 910, 912 (11th Cir. Apr. 1, 2010) (quoting ***McKinney v. Pate***, F.3d 1550, 1563 (11th Cir. 1994) and ***Parratt v. Taylor***, 451 U.S. 527, 537 (1981), overruled on other grounds by ***Daniels v. Williams***, 474 U.S. 327 (1986)).  Georgia tort law offers an adequate postdeprivation remedy for prison officials' unlawful deprivation of an inmate's property.  ***See*** O.C.G.A. § 51-10-1; ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  It is therefore **RECOMMENDED** that Plaintiff's claims relating to the loss of his personal items other than legal material be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.  Remaining Claims

Construing the complaint liberally in Plaintiff's favor, the Court concludes that Plaintiff has stated a colorable retaliation claim against Defendant McDougal and denial of access to courts claim relating to the loss of Plaintiff's legal material against Defendants Harvey, Hassenstab, and Danforth. The Court will therefore allow this lawsuit to proceed against these Defendants as to the above claims only.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants

McDougal, Harvey, Hassenstab, and Danforth, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and

8

correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's  answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

10

is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 11th day of June, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr

11