# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ANTOINE YOUNG, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 12-CV-10 (HL)** |
| Warden WILLIAM DANFORTH, *et al.,* | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by Defendants Danforth, Harvey, Hassenstab, and McDougal. (Doc. 23). The Plaintiff filed this action on January 12, 2012, making allegations of deprivation of property, and retaliation. (Doc. 1). The Court recommended the dismissal of certain claims and Defendants, and ordered that Plaintiff's claim of retaliation proceed against Defendant McDougal, and that his claim of denial of access to the courts proceed against Defendants Danforth, Harvey, and Hassenstab. (Doc. 9).

Defendants Danforth, Harvey, Hassenstab, and McDougal have filed a Motion to Dismiss, alleging that Plaintiff has failed to state a claim of retaliation or a claim of denial of access to the courts under 42 U.S.C. § 1983. (Doc. 23). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff

> pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

*Retaliation claim*

Plaintiff alleges that Defendant McDougal retaliated against him, because of Plaintiff's grievance filed against another correctional officer, by finding him guilty of a disciplinary violation and ordering the confiscation of his personal property. (Doc. 1). "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). In order to state a claim for retaliation, the Plaintiff "must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). The prisoner "must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." *Jemison v. Wise*, 386 Fed.Appx. 961, 965 (11th Cir. 2010).

Plaintiff's Complaint does not set forth a plausible claim of retaliation against Defendant McDougal. "A prisoner's 'complaint must contain enough facts to state a claim of retaliation by prison officials that is plausible on its face.'" *Smith v. Sec'y., Florida Dep't. of Corrections*, 358 Fed.Appx. 60, 63 (11th Cir. 2009) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)). Plaintiff claims only that Defendant McDougal found him guilty of a disciplinary

infraction and directed that his property be confiscated.  Plaintiff states that he believes the alleged confiscation was a form of retaliation for his grievance against McDougal's fellow correctional officer.   However, "[t]he relevant showing . . . must be more than the prisoner's personal belief that he is the victim of retaliation".  *Hempstead v. Carter*, 2006 WL 2092383 (N.D.Fla.) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).  Herein, the Plaintiff alleges that he was found guilty of a disciplinary infraction and his property was confiscated, and then speculates that the disciplinary findings and confiscation resulted from retaliation.  Plaintiff bases this conclusion on Defendant McDougal's question to Plaintiff during his disciplinary hearing as to why Plaintiff had filed a previous grievance.  Such conclusory allegations do not establish a claim for retaliation that is plausible on its face.  *Twombly*, 550 U.S. at 555 (plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Accordingly, Plaintiff's retaliation claim should be dismissed.

### *Denial of access to the courts claim*

In his claim for denial of access to the courts against Defendants Danforth, Harvey, and Hassenstab, the Plaintiff alleges that these Defendants confiscated his legal materials and "caused irrepearable [sic] damage and stress and anxiety by losing exremly [sic] necessary legal materials that are dire to presenting case to overturn conviction."  (Doc. 1, p. 10).  In order to establish a denial of the right of access to the courts, the Plaintiff must have suffered an actual injury.  In *Lewis v. Casey,* 518 U.S. 343 (1996), the Supreme Court reiterated this requirement of showing an actual injury in order to state a claim of denial of access, stating that "[t]he requirement that an inmate alleging [denial of access to the courts] must show actual injury derives ultimately from the

3

doctrine of standing, . . . It is the role of courts to provide relief to claimants, . . . who have suffered, or will imminently suffer, actual harm". *Id.* at 349. "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. . . . . Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing *Lewis,* 518 U.S. 343).

In *Lewis*, the Supreme Court specifically held that "*Bounds [v. Smith*, 430 U.S. 817 (1977)] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. An inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). The inmate must allege that the defendant deterred his "efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Id.*

"Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Herein, the Plaintiff maintains in

4

his Complaint that "[d]ue to the circumstance that a letter my lawyer (Legal Document) along with State witness confidential testimony was present in my property.  The result of my habeas corpus was denied because Judge Ricard [sic] Cowart asked me if I had the letter to present as evidence to contend all conflicts within my counsels [sic] false testimony.  It has been proven fatal".  (Doc.1, p. 4, ¶ 12).

Plaintiff, serving a twelve year sentence for a 2007 armed robbery conviction, thus alleges that the confiscation of his legal papers resulted in the denial of a state habeas petition.    Plaintiff states in his Complaint that the confiscated materials were necessary to presenting a case to overturn his conviction, and references the state Superior Court judge presiding over his habeas case.  Plaintiff has provided sufficient factual matter in his Complaint, accepted as true, to state a claim to relief that is plausible on its face regarding denial of access to the courts.  *See Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006) (face of complaint clearly set forth claims for postconviction relief that were allegedly hindered by denial of access to the courts; complaint did provide some evidence of potentially arguable postconviction claims, and thus, plaintiffs were entitled to proceed with denial of access claims).  *Cf. Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (plaintiff did not allege requisite actual injury, as he did not identify damage to any specific legal matter and did not reference any specific case or claims being pursued or affected by alleged denial of access).  Accordingly, Plaintiff should be allowed to proceed on his denial of access claim.

*Damages*

Defendants also raise defenses to the damages sought by the Plaintiff, asserting that Plaintiff is not entitled to the injunctive relief he seeks, and that his compensatory damages claim

5

fails due to the lack of alleged physical injuries. Dismissal of Plaintiff's claim for injunctive relief is premature at this point, as it is yet unclear whether the Plaintiff will be entitled to relief in any form. *See Merilien v. Hart*, 2009 WL 3158171 (M.D.Ga.) (HL) (determination of the issue of whether the PLRA barred claims for injunctive relief was premature in that plaintiff was given an opportunity to amend his complaint).

Even if, as Defendants assert, Plaintiff is not entitled to the injunctive relief and compensatory damages he seeks, "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). Moreover, Plaintiff's *pro se* complaint should be liberally construed to contain a request for nominal damages, "especially considering that [Plaintiff] requested both monetary and injunctive relief and in light of Federal Rule of Civil Procedure 54. *See* FED. R. CIV. P. 54(c) ('Every other final judgment [besides default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.')." *Williams v. Brown*, 347 Fed.Appx. 429, 436 (11th Cir. 2009). The Court construes Plaintiff's *pro se* Complaint to contain a request for nominal damages, and, accordingly, it is the recommendation of the undersigned that Defendants' request to dismiss Plaintiff's claims based on Plaintiff's alleged failure to request appropriate damages be **DENIED** at this time.

*Official capacity claims*

Insofar as the Plaintiff brings this action against the Defendants in their official capacities, the Plaintiff's claims are without merit. A suit brought against defendant prison officials in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983.

6

*Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989).

*Qualified immunity*

The Defendants also assert that they are entitled to the defense of qualified immunity. The Defendants, who assert the defense of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, "are entitled to qualified immunity at this stage in the proceedings if [Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right."*Santamorena v. Georgia Military College*, 147 F.3d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)); *see also Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

"Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, [555] U.S. [], 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident."*Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009).

Plaintiff's allegations adequately allege a constitutional violation. Given Plaintiff's version of events regarding the remaining denial of access claim, the Defendants are not entitled to qualified immunity at this stage of the proceedings.

*Conclusion*

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss (Doc. 23) be **GRANTED IN PART** and **DENIED IN PART.**  Specifically, it is

recommended that Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims against the Defendants in their official capacities, and as to Plaintiff's claim of retaliation against Defendant McDougal, and **DENIED** as to Plaintiff's claim of denial of access to the courts and his damages claims against the remaining three Defendants, and in regard to Defendants' assertion of qualified immunity.  If these recommendations are adopted, Defendant McDougal would be dismissed from the case, and Defendants Danforth, Harvey, and Hassenstab would remain. Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 13th day of June, 2013.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb