# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ANTOINE YOUNG,

    Plaintiff,

v.

WILLIAM DANFORTH, EDWARD MCDOUGAL, RONALD HARVEY, and RUSSELL HASSENSTAB[1],

    Defendants.

Civil Action No. 7:12-CV-10 (HL)

## ORDER

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 30) in which he recommends that Defendants' Motion to Dismiss (Doc. 23) be granted in part and denied in part. Specifically, he recommends that Defendants' motion be granted as to Plaintiff's claims against Defendants in their official capacities and as to Plaintiff's retaliation claim against Defendant McDougal, and that Defendants' motion be denied as to Plaintiff's denial of access to the courts claims and his damages claims against Defendants Danforth, Harvey, and Hassenstab. He further recommends that Defendants' motion be denied with respect to their assertion of qualified immunity.

---

[1] The Clerk of Court is directed to update the docket to reflect the proper names of the Defendants.

Both Plaintiff and Defendants have filed objections to the Recommendation. The Court has made a *de novo* review of the Recommendation and finds as follows.

**1.     Plaintiff's Objections**

Defendants' motion to dismiss was filed on October 19, 2012. Plaintiff was notified about the filing by the Court on October 22, 2012. Plaintiff was aware of the pending motion, as he filed a motion seeking an extension of time to respond (Doc. 28). Plaintiff's motion was granted by the Magistrate Judge, and Plaintiff was given until December 22, 2012 to file his response (Doc. 29). Plaintiff, however, never filed a response to the motion to dismiss, and his first arguments as to the issues presented in the motion were not set forth until he filed his objection to the Recommendation.

"A district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). As noted by the Eleventh Circuit in Williams, "to require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help relieve the workload of the district court." Id. (quotation and alteration omitted). Plaintiff had ample opportunity to raise his arguments before the Magistrate Judge but did not do so. He has provided no explanation as to why he did not present the arguments first raised in his objection to the Magistrate Judge. The Court will not allow this sort of

2

gamesmanship on the part of Plaintiff. The Court in its discretion declines to consider Plaintiff's belated arguments as to the dismissal of Defendant McDougal and of the official capacity claims against the remaining Defendants. Those portions of the Recommendation are therefore accepted and adopted.

**2.   Defendants' Objections**

In his complaint, Plaintiff alleges that all of his legal materials were confiscated on February 10, 2012, and that some of them were subsequently lost. He contends that due to the confiscation and loss of the legal materials, his state habeas corpus petition was denied. Plaintiff specifically alleges that

> a letter my lawyer (Legal Document) along with State witness confidential testimony was present in my property, The Result of my Habeas Corpus was Denied because Judge Ricard Cowart asked me if I had the letter to present as evidence to contend all conflicts within my counsel's false testimony.

(Doc. 1, p. 4, ¶ 12).

Plaintiff further alleges that by confiscating his legal materials, Defendants Danforth, Harvey, and Hassenstab "caused irreparable damage and stress and anxiety by losing exremly necessary legal materials that are dire to presenting case to overturn conviction." (Doc. 1, p. 10).

In the Recommendation, the Magistrate Judge found that Plaintiff has provided sufficient factual matter in his complaint, accepted as true, to state a claim to relief regarding denial of access to the courts. Defendants object to this

finding, and argue that the allegations in the complaint fail to state an access to the courts claim.

Prisoners have a clearly established constitutional right of access to the courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a non-frivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded; and (2) he has suffered an actual injury as a result. Lewis v. Casey, 518 U.S. 343, 353-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. While Plaintiff has alleged that Defendants' actions precluded his pursuit of his state habeas petition, that does not alone satisfy the test.

Plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Even construing the complaint liberally, Plaintiff has not alleged that he was prevented from pursuing a non-frivolous habeas case. As stated by the Supreme Court in Christopher, "like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. "Hindrance of [a] frivolous claim does not result in actual injury and thus cannot

give rise to [a] claim for denial of access to the courts." Johnson v. Barczak, 338 F.3d 771, 772 (7th Cir. 2003) (citation omitted). To satisfy the pleading requirements, the complaint must contain allegations "sufficient to give fair notice to a defendant[,]" and the complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued. . . ." Christopher, 536 U.S. at 416-17. The allegations contained in Plaintiff's complaint do not meet the requirements set forth in Christopher. Certainly the allegations do not describe the predicate claim with enough detail to allow the Court to determine whether the claim was non-frivolous. Therefore, Plaintiff has not stated an access to the courts claim sufficient to survive a motion to dismiss.

The Court finds that Defendants' objections as to Plaintiff's access to the courts claim are meritorious. The portion of the Recommendation that recommends Defendants' motion be denied as to Plaintiff's access to the courts claim is rejected. Because the Court has determined that Plaintiff has not stated a claim for denial of access to the courts, it is not necessary to address Defendants' objections with respect to qualified immunity and damages.

**3.   Conclusion**

The Magistrate Judge's Recommendation (Doc. 30) is adopted in part and rejected in part. Plaintiff's objections are overruled. Defendants' objections are sustained. Defendants' Motion to Dismiss (Doc. 23) is granted.

**SO ORDERED**, this the 23rd day of July, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh